### EARNEY v. WARDREP.

(Circuit Court of Appeals, Fourth Circuit. January 11, 1927.)

No. 2540.

1. Fraud ⊚⇒58(1)—Evidence held not to establish employer falsely represented he had license, authorizing employee to solicit laborers to work in other state (Cr. Code S. C. 1922, §§ 308, 309).

Evidence held insufficient to establish that employer had falsely represented to employee that he had South Carolina emigrant agent's license, and entitle employee to recovery in tort after his arrest in South Carolina under Cr. Code S. C. 1922, §§ 308, 309, for failure to have emigrant agent's license while attempting to secure laborers to work on North Carolina job.

2. Indemnity ⊚⇒13(1)—Employee held not entitled to recover, on theory of implied indemnity contract, against employer for arrest while attempting without emigrant agent's license to secure laborers in South Carolina (Cr. Code S. C. 1922, §§ 308, 309).

Employee held not entitled to recover against employer because of arrest under Cr. Code S. C. 1922, §§ 308, 309, for attempting to secure laborers to work in North Carolina without having emigrant agent's license, on theory of implied contract by employer to save him harmless from anything that might in consequence happen to him.

In Error to the District Court of the United States for the Western District of North Carolina, at Charlotte; Edwin Y. Webb, Judge.

Action by T. A. Earney against A. J. Wardrep. Judgment for defendant, and plaintiff brings error. Affirmed.

H. B. Adams, of Waxhaw, N. C. (John A. McRae, of Charlotte, N. C., on the brief), for plaintiff in error.

John S. Cansler, of Charlotte, N. C. (E. T. Cansler, of Charlotte, N. C., on the brief), for defendant in error.

Before WADDILL and ROSE, Circuit Judges, and WATKINS, District Judge.

ROSE, Circuit Judge. The parties here occupy the same positions as they did below, and Earney, the plaintiff in error, will be referred to as the plaintiff, and his adversary, Wardrep, as the defendant.

In the spring of 1923, the defendant was constructing various state highways in North Carolina. The plaintiff was in his employ as a superintendent or supervisor of labor on one of these, and while so engaged went into South Carolina to get laborers to work on the job. The South Carolina authorities arrested him on the charge of carrying on the business of an emigrant agent without having obtained the state and county licenses required by sections 308 and 309 (chapter 3, §§ 186 and 187) of the Criminal Code (1922) of the state. He was subsequently indicted, tried, convicted, and sentenced to hard labor on the roads for a term of two years, unless he paid a fine of $2,000. He was financially unable to make such payment, and before he was pardoned by the Governor he actually served some months of the sentence.

[1] He alleges two causes of action, one in tort and the other in contract. The first was based upon the charge that the defendant had falsely represented to him that he had a South Carolina emigrant agent's license under which the plaintiff could lawfully solicit laborers within the state, and the second rested upon the allegation that the defendant had used his position as a man of wealth and superior education and as plaintiff's employer to insist that plaintiff should go to South Carolina to solicit hands, and had agreed to save the plaintiff harmless from anything that might

in consequence happen to him. It is not claimed that either the false statement or the contract, or any part of either of them, were in writing. The plaintiff is the only witness to support his version of what was said by word of mouth. In his testimony, he does not claim the defendant told him he had a license. The furthest he goes is to say that, from what the defendant said, he (the plaintiff) supposed that the defendant had a license; but his own statement of what the defendant in fact said could not in our judgment justify the plaintiff in reaching the conclusion he says he did. There is, therefore, no sufficient evidence to justify a recovery for the alleged tort.

[2] The learned, able, and industrious counsel for the plaintiff has not found a case) in which a recovery upon such a contract as is alleged has ever been permitted, and we know of none. There is no evidence in the instant case of any special circumstances, if any there could be, which would justify the legal enforcement of an agreement so contrary to public policy. The learned judge below did not err in directing a verdict for the defendant.

Affirmed.